## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHUNSTON S. SEAFORTH, | § | |
| *Plaintiff* | § | |
| | § | SA-25-CV-00144-XR |
| -vs- | § | |
| | § | |
| CORNERSTONE HOME LENDING, | § | |
| INC., *et al.* | § | |
| *Defendants* | § | |

### ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

On this date the Court considered Plaintiff Shunston S. Seaforth's motion for a temporary restraining order ("TRO") preventing state-court foreclosure proceedings in connection with his property located at 11314 Hill Top Bend, Helotes, Texas 78023 (the "Property"). For the reasons stated herein, the motion (ECF No. 22) is **DENIED**.

### BACKGROUND

This is the second of three successive actions Mr. Seaforth has filed challenging foreclosure proceedings based on an allegedly improper securitization and defective UCC filings. *See Seaforth v. Loancare, LLC*, No. 5:24-CV-576-FB-RBF (W.D. Tex.) [hereinafter, the "First Action"]; *Seaforth v. Cornerstone Home Lending, Inc.*, No. 5:25-CV-144-XR (W.D. Tex.) [hereinafter, the "Second Action"]; *Seaforth v. Loancare, LLC*, No. 5:25-cv-422-XR (W.D. Tex.) [hereinafter, the "Third Action"]. The First and Second Actions, both initiated in federal court, were dismissed on November 26, 2024 and March 11, 2025, respectively.[1] The Third Action was filed in state court on March 17, 2025 (ECF No. 1-3) and removed to federal court on April 18, 2025 (ECF No. 1).[2]

---

[1] *See* First Action, 2024 WL 4906781, at *5 (W.D. Tex. Nov. 14, 2024), *report and recommendation adopted*, 2024 WL 4906759 (W.D. Tex. Nov. 26, 2024); Second Action, ECF No. 17 (W.D. Tex. Mar. 11, 2025).

[2] It appears that Mr. Seaforth may have intended to file his motion for a TRO in the Third Action, which remains pending before this Court. In the interest of expediency, the Court will rule on the motion in the case in which it was filed but will consider the filings in both the Second and Third Action.

In short, Mr. Seaforth's motion complains that foreclosure proceedings have continued despite "a valid federal removal and binding abatement order issued by the Texas Fourth Court of Appeals on April 29, 2025, confirming that Bexar County Court at Law No. 10 (Case No. 2025CV03319) is stayed pending federal jurisdictional review." ECF No. 22 at 1.

In his motion, Mr. Seaforth alleges that, shortly before filing the Second Action in federal court in February 2025, he filed a lis pendens with the County Clerk providing notice of the litigation, which "halted" a foreclosure sale schedule for March 4, 2025. *See id.* at 5.[3] Then, on March 13 and 14, *the days after the final judgment issued in the Second Action*, Mr. Seaforth alleges that a lockbox was placed on his home by the putative purchaser of the Property and a substitute trustee deed was filed in the county records. *See id.*

On March 17, Mr. Seaforth filed the Third Action challenging the foreclosure proceedings in the 57th Civil District Court before Judge Antonia Arteaga. *See id.* at 5; *Seaforth v. Cornerstone Home Lending, Inc.*, Case No. 2025CI05973, https://perma.cc/GYX9-5ES7.[4] He alleges violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA") and claims for fraud and wrongful foreclosure, again arising out of purported defects in the securitization of his loan. *See* ECF No. 1-3 at 4–6.

According to appellate records, Judge Arteaga declined to consider Mr. Seaforth's applications for emergency relief given the previous resolution of his claims in federal court. Mr. Seaforth appealed the denial of emergency relief to the Fourth Court of Appeals. *Seaforth v. Cornerstone Home Lending, Inc.*, No. 04-25-200-CV, https://perma.cc/7JW9-89GT. That appeal

---

[3] This assertion contradicts Mr. Seaforth's complaint in the Third Action, which alleges that the Property was sold at foreclosure on March 4, 2025. See Third Action, ECF No. 1-3 at 5 (Pet. ¶ 16).
[4] The Court may take judicial notice of matters of public record. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

was abated, however, following the removal of the Third Action to federal court. *See id.*, Order (Apr. 29, 2025).

It appears from public records that on March 19, two days after Mr. Seaforth filed the Third Action against Defendants, another financial institution, Lonestar Capital Assets Inc. ("Loanstar"), filed an action for forcible entry and detainer in Bexar County Court before Judge Julie Bray Patterson. *See Lonestar Capital Assets Inc. v. Seaforth*, Case No. 31E2501461, https://perma.cc/AZ67-CKKD [hereinafter, the "Loanstar Action"]. On April 8, Judge Patterson entered a judgment in favor of Loanstar, which Mr. Seaforth appealed to the County Court-at-Law, No. 10, before Judge Cesar Garcia. *See Lonestar Capital Assets Inc. v. Seaforth*, Case No. 2025CV03319, https://perma.cc/3MHQ-QKQ7 [hereinafter, the "Loanstar Appeal"].

Both Mr. Seaforth's TRO application and public records indicate that, Mr. Seaforth filed motions in the Loanstar Appeal on May 5 and 9, seeking, respectively, an emergency motion to stay execution of the writ of possession and a motion to set the supersedeas bond to zero. *See* https://perma.cc/3MHQ-QKQ7; ECF No. 22 at 6. Judge Garcia apparently terminated the stay motion without a hearing and set a supersedeas bond for $16,200.00. Nothing in the record suggests that Mr. Seaforth paid the bond.

Although both the Loanstar Action and this case involve foreclosure proceedings—presumably directed at the same property—the Loanstar Action appears to be wholly distinct from this case. This Court has no jurisdiction over Loanstar's forcible entry and detainer action that would allow it to enter the injunctive relief Mr. Seaforth now requests. It appears that he could have stayed any foreclosure proceedings related to the Loanstar Action by paying the supersedeas bond but has not done so.

3

Even if the Loanstar Action were somehow related to Mr. Seaforth's claims here, he would not be entitled to a stay because he has not been (and will not be) afforded any injunctive relief in this case. The state court judge denied Mr. Seaforth's request for injunctive relief was denied based on previous federal court judgments. Neither the removal of the Third Action to this Court nor the abatement order issued by the Fourth Court of Appeals changed the status quo. Because Mr. Seaforth has not been awarded a TRO or any other injunctive relief by any other court, the Court considers whether he is entitled to injunctive relief based on his claims in the Third Action.

The factors that govern an application for a temporary restraining order are the same as those that govern a request for preliminary injunction. *Hill v. Green County School Dist.*, 848 F. Supp. 697, 703 (S.D. Miss. 1994) (citing *Canal Authority of State of Fl. v. Callaway*, 489 F.2d 567 (5th Cir. 1974)). Under well-settled Fifth Circuit precedent, a preliminary injunction requires the movant to show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not undermine the public interest. *Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997).

In his motion, Mr. Seaforth asserts, "The legal question now before this Court is simple: If Plaintiff complied with every statute, every procedural step, and acted in good faith under both state and federal law[,] how can this be lawfully ignored?" ECF No. 22 at 7. Mr. Seaforth's requests for injunctive relief have not been ignored; they have been considered and denied based on the first element—his likelihood of success on the merits. The likelihood of success on the merits is not a question of procedure but of substance. Courts look to the standards provided by the *substantive* law applicable to the plaintiff's claims. *See Miss. Power & Light Co. v. United Gas*

*Pipe Line Co.*, 760 F.2d 618, 622 (5th Cir. 1985). Here, Mr. Seaforth's motion fails for the same substantive reason that his previous cases were dismissed: the "theory that any securitization of [a] loan rendered the note and accompanying deed of trust unenforceable and discharged [the borrower's] obligations under them . . . [is] without merit." *See Seaforth v. Loancare, LLC*, No. 5:24-CV-576-FB-RBF, 2024 WL 4906781, at *5 (W.D. Tex. Nov. 14, 2024), *report and recommendation adopted*, No. CV SA-24-CA-00576-FB, 2024 WL 4906759 (W.D. Tex. Nov. 26, 2024) (quoting *Marban v. PNC Mortg.*, No. 3:12-cv-3952-M, 2013 WL 3356285, at *10 (N.D. Tex. July 3, 2013)).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a temporary restraining order (ECF No. 22) is **DENIED**.

In light of his ongoing litigation in this Court, Mr. Seaforth is reminded of his obligation to provide the Court with an updated mailing address to the extent that he is no longer able to receive mail at the Property.

It is so **ORDERED**.

**SIGNED** this 21st day of May, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE